UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARIO WHITFIELD, | ) |
|             Petitioner, | ) |
| v. | ) Case No. 17-1396 |
| STEVE KALLIS, Warden, | ) |
|             Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner Mario Whitfield's ("Petitioner" or "Whitfield") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] For the reasons set forth below, Petitioner's § 2241 Petition is DENIED.

### BACKGROUND[2]

Petitioner Mario Whitfield is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois, where he is serving an 84-month sentence imposed by the United States District Court for the Northern District of Illinois for being an accessory after the fact, in violation of 18 U.S.C. § 3. On September 19, 2014, Whitfield was arrested by Illinois state authorities on drug charges. On March 23, 2015, the Cook County Court sentenced Whitfield to imprisonment for 3 years for manufacturing/delivery of 10-15 grams of heroin.

On September 23, 2015, Whitfield was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum. While in federal custody on that writ, Whitfield was paroled

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 6), unless otherwise noted. *See* 28 U.S.C. § 2248.

1

from his state sentence on March 18, 2016. On June 20, 2016, the federal court sentenced Whitfield to a term of imprisonment of 84 months. After the court had finished sentencing Whitfield, Whitfield inquired about the credit he would receive. The sentencing court stated, "He will certainly get credit for the time he has been in federal custody when he was picked up on this warrant."

After he was sentenced, the Bureau of Prisons ("BOP") determined that Whitfield's federal sentence commenced on the date he was sentenced, June 20, 2016. Then, pursuant to 18 U.S.C. § 3585(b), the BOP credited Whitfield with all of the time that he was in custody but not receiving credit against any other sentence. The BOP determined that time was from March 19, 2016 (the day after Whitfield was paroled by the state) to June 19, 2016 (the date before he was sentenced). However, the BOP did not credit Whitfield for his custody from September 23, 2015 (the day he was transferred pursuant to the writ), until March 18, 2016 (the last day Whitfield was credited for his state sentence).

After appealing the decision of the BOP, Whitfield has now filed this Petition pursuant to § 2241. He requests that the Court order the BOP to credit against his sentence the time he spent in custody from September 23, 2015, to March 18, 2016. Respondent has filed a response (Doc. 6) and argues that the determination was correct and that the sentencing court's statement did not bind the BOP. Petitioner has filed a reply (Doc. 7). This order follows.

### DISCUSSION

The Attorney General, through the BOP, is responsible for computing terms of imprisonment for federal prisoners. *United States v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992). This Court may review the BOP's ruling on an inmate's request for presentence credit in a § 2241 proceeding. *See Kane v. Zuercher*, 344 F. App'x 267, 268–69 (7th Cir. 2009)

(citing *United States v. Koller,* 956 F.2d 1408, 1417 (7th Cir.1992)).  Here, despite the sentencing court's statement, the Court finds that the BOP correctly determined that Whitfield is not eligible for sentencing credit for the period between September 23, 2015, to March 18, 2016.

The computation of federal sentences is governed by 18 U.S.C. § 3585.  Section 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Here, Whitfield's imprisonment from September 23, 2015, to March 18, 2016, has already been credited against another sentence—his state sentence.  This time cannot also be credited against his current federal sentence pursuant to the plain language of § 3585(b).  Therefore, Whitfield has failed to show any error in the calculation of his sentence by the BOP.

Despite the restrictions of § 3585(b), Whitfield argues that the BOP cannot disregard the judicial wishes of the sentencing court.  However, the sentencing court's statement regarding the sentencing credit Whitfield would receive does not bind the BOP.  This is because "[a] district court has no power to give credit for time served; that authority rests solely with the BOP." *Kane v. Zuercher*, 344 F. App'x 267, 268 (7th Cir. 2009) (citing *United States v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992)).  Even had the sentencing court had specifically ordered that Whitfield receive this sentencing credit, the BOP would still have been able to make its own decision pursuant to § 3585(b).  *See, e.g. Manuel v. Terris*, 803 F.3d 826, 828–29 (7th Cir. 2015) (noting the BOP's error in granting a sentencing credit for time already credited

3

towards a state sentence due to a district court's order at sentencing and noting that the BOP can and should correct this error). Accordingly, the Court finds that Whitfield's argument does not have merit and his Petition must be denied.

## CONCLUSION

For the reasons set forth above, Petitioner Whitfield's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. This matter is now terminated.

Signed on this 31st day of December 2018.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge